IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:13 cr 52-4

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Vs. ) | ORDER |
| ) | |
| LERRY RATLEY, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

THIS CAUSE came on to be heard and being heard before the undersigned upon a Violation Report (#49) filed in the above entitled cause on December 30, 2013 by the United States Probation Office. In the Violation Report, the United States Probation Office alleges that Defendant has violated terms and conditions of his pretrial release. At the call of this matter on for hearing it appeared Defendant was present with his counsel, Frank A. Abrams , and the Government was present through Assistant United States Attorney, Don Gast, and from the evidence offered and from the statements of the Assistant United States Attorney and the attorney for Defendant, and the records in this cause, the Court makes the following findings.

**Findings**: At the call of the matter, the Defendant, by and through his attorney, denied the allegations contained in the Violation Report. The

1

Government introduced, without objection, the Violation Report into evidence. Testimony was presented through Robert Ferguson, United States Probation Officer.

Defendant was charged in a bill of indictment filed on August 6, 2013 with conspiracy to defraud the United States by obtaining or by aiding to obtain the payment of false, fictitious and fraudulent claims violation of 18 U.S.C. § 286. Defendant was also charged with being a public official accepting or receiving money for being influenced to perform an official act in violation of 18 U.S.C. § 201(b)(2). The Defendant was brought before United States Magistrate Judge David Keesler on August 12, 2013 and at that time he was released on terms and conditions of pretrial release (#14). Those conditions of release included the following conditions:

(1) The defendant shall not violate any federal, state or local law while on release.

(8)(p) Defendant shall refrain from use or unlawful possession of a narcotic drug or other controlled substance defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner.

On October 7, 2013 Defendant entered a plea of guilty to the charge of conspiracy to defraud the United States by obtaining or attempting to obtain the

payment of false, fictitious, or fraudulent claims in violation of 18 U.S.C. 286. After the entry of the plea of guilty of Defendant, the undersigned directed that Defendant would be allowed to remain released on terms and conditions of pretrial release as entered by Judge Keesler.

On October 22, 2013, Defendant admitted to his supervising United States Probation Officer that he had used marijuana prior to a drug test. On December 4, 2013, Defendant tested positive for the use of marijuana.

**Discussion**. 18 U.S.C. § 3148(b)(1) provides as follows: The judicial officer shall enter an order of revocation and detention if, after a hearing, the judicial officer -----

> (1) finds that there is----
> (A) probable cause to believe that the person has committed a Federal, State, or local crime while on release; or
> (B) clear and convincing evidence that the person has violated any other condition of release; and
> (2) finds that ---
> (A) based on the factors set forth in section 3142(g) of this title, there is no condition or combination of conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community; or
> (B) the person is unlikely to abide by any condition or combination of conditions of release.

If there is probable cause to believe that, while on release, the person committed a Federal, State, or local felony, a rebuttable presumption arises that no condition or combination of conditions will assure that the person will not pose a danger to the safety of any other person or the community.

Based upon the evidence, the undersigned finds there is probable cause to believe that Defendant committed a federal and state crime while on release. Defendant possessed marijuana on two occasions so he could consume that substance. That possession violated both state and federal law. 21 U.S.C. § 844 and N.C.G.S. § 90-95(a)(3). Both of those crimes are misdemeanors.

There has further been shown by clear and convincing evidence that Defendant violated the terms and conditions that required him to refrain from use or unlawful possession of a narcotic drug unless it was prescribed by a licensed medical practitioner. Defendant has clearly violated this condition by possessing marijuana which is a drug which is not prescribed by licensed medical practitioners.

The undersigned has considered the factors as set forth under 18 U.S.C. § 3142(g) and it appears that Defendant is in poor medical condition, having high blood pressure, high cholesterol, diabetes, neuropathy and a mental health history. The Defendant has had a problem with the use of controlled substances, particularly marijuana. The Defendant's criminal record shows the following convictions:

| Date | County | Charges | Disposition |
|---|---|---|---|
| 1/19/81 | S.C. | Assault | |
| 9/24/81 | S.C. | Disorderly conduct | |

| | | | |
|---|---|---|---|
| 9/6/84 | Guilford | Misdemeanor larceny | 7/13/84 |
| 9/17/84 | Forsyth | Misdemeanor possession of marijuana, misdemeanor possession of drug paraphernalia | 3/20/85 |
| 10/16/84 | Forsyth | Possession of cocaine, felony possession of heroin | 3/20/85 |
| 5/20/88 | Guilford | Misdemeanor assault on female, misdemeanor communicating threats | 8/1/88 |
| 5/31/88 | Guilford | Nonsupport of illegitimate child | 6/16/88 |
| 6/25/88 | Guilford | Misdemeanor assault on female | 8/1/88 |
| 3/26/89 | Guilford | Misdemeanor domestic criminal trespass | 4/26/89 |
| 9/9/89 | Guilford | Misdemeanor domestic criminal trespass | 11/20/89 |
| 1/28/90 | Guilford | Misdemeanor assault | 3/20/90 |
| 12/4/92 | SC | Fraudulent check | 1/6/93 |
| 11/23/94 | SC | Possession of less than 1 oz of marijuana and 10 grams of hash, possession of a schedule 1-V 2nd and above offense, possession of drug paraphernalia | 9/18/95 |
| 9/25/95 | SC | Possession of drug paraphernalia, failure to appear | |

It does appear that Defendant has failed to appear at a court proceeding. It does not appear that Defendant, at the time of Defendant's arrest or his plea of guilty, was subject to any type of court supervision.

After reviewing the criminal record of Defendant and the other factors set forth under 18 U.S.C. § 3142(g), it appears there is no condition or combination of conditions that will assure that the Defendant would not pose a danger to the safety of any other person or the community. It is further the opinion of the undersigned, that based upon Defendant's actions in the repeated use of marijuana it is unlikely the Defendant will abide by any condition or combination of conditions of release.

As a result of the above referenced findings, the undersigned has determined to enter an order of revocation revoking the unsecured bond and the terms of pretrial release previously issued in this matter and entering an order detaining Defendant.

## ORDER

**IT IS, THEREFORE**, **ORDERED** that the unsecured bond and terms and conditions of pretrial release entered in this matter are hereby **REVOKED** and it is **ORDERED** that Defendant be detained pending further proceedings in this matter.

Signed: January 14, 2014

Dennis L. Howell
United States Magistrate Judge